**DISMISS and Opinion Filed April 20, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00299-CV

**BADGER TAVERN LP, 1676 REGAL JV, AND
1676 REGAL ROW, DALLAS, TEXAS, IN REM, Appellants
V.
CITY OF DALLAS, Appellee**

**On Appeal from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-22-16151**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

Before the Court is appellants' petition for permissive appeal of the trial court's March 15, 2023 interlocutory order denying their motion to dismiss pursuant to rule of civil procedure 91a. *See* TEX. R. CIV. P. 91a (concerning dismissal of baseless causes of action). We strictly construe a statute authorizing an interlocutory appeal because it is an exception to the general rule that only final judgments are appealable. *See Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 841 (Tex. 2007); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)

(requirements for permissive appeal); TEX. R. APP. P. 28.3 (same); TEX. R. CIV. P. 168 (same).

Rule of Civil Procedure 168 requires that a trial court's permission to appeal an otherwise unappealable interlocutory order must be stated in the appealed order. *See* TEX. R. CIV. P. 168. Here, the appealed order does not include the trial court's permission to appeal. Rather, the trial court signed a separate order on April 17, 2023 granting permission to appeal. This order is not an amended order denying the rule 91a motion. Moreover, the April 17th order does not reference the appealed order. As such, the separate order of permission does not comply with rule 168. *See Heinrich v. Strasburger & Price, L.L.P.*, No. 01-15-00473-CV, 2015 WL 5626507, at *1 (Tex. App.—Houston [1st Dist.] Sept. 24, 2015, no pet.) (dismissing petition for permissive appeal for want of jurisdiction because trial did not sign a *single* order that both granted the plea to jurisdiction and granted permission to appeal in violation of rule 168); *Fox v. Buckland*, No. No. 02-16-00453-CV, 2017 WL 1018594 (Tex. App.—Fort Worth Mar. 16, 2017, no pet.) (rehearing granted after appellant obtained an amended single order that included permission); *Connor v. Hooks*, No. 03-19-00571-CV, 2020 WL 5099967, at *1 (Tex. App.—Austin Aug. 27, 2020, no pet.) (denying petition for permissive appeal where permission granted in separate order in violation of rule 168 and also failed to identify controlling question of law).

Because the trial court did not sign a single order that both denied appellants' rule 91a motion to dismiss and granted permission to appeal the order, this Court has no jurisdiction over this appeal. Accordingly, we dismiss the petition for permissive appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/

ROBERT D. BURNS, III

230299F.P05                    CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BADGER TAVERN LP, 1676
REGAL JV, AND 1676 REGAL
ROW, DALLAS, TEXAS, IN REM,
Appellants

No. 05-23-00299-CV     V.

CITY OF DALLAS, Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-16151.
Opinion delivered by Chief Justice
Burns. Justices Molberg and Goldstein
participating.

In accordance with this Court's opinion of this date, the petition for permissive appeal is **DISMISSED**.

It is **ORDERED** that appellee CITY OF DALLAS recover its costs of this appeal from appellants BADGER TAVERN LP, 1676 REGAL JV, AND 1676 REGAL ROW, DALLAS, TEXAS, IN REM.

Judgment entered April 20, 2023